## Artwein Service Corporation v. Morris et al.

*Statement of claim — Affidavit — Corporation plaintiff — Practice Act of May 14, 1915, P. L. 483.*

1. When the plaintiff is a corporation, an affidavit by an executive officer of the corporation is, for the purposes of the statute, an affidavit by the plaintiff itself.

2. Where, in the body of the affidavit, the official position of affiant is omitted, but it appears in connection with the signature and the affidavit purports to be made by the president, an executive officer, it is sufficient.

Motion to strike off statement of claim. C. P. Washington Co., Aug. T., 1926, No. 63.

Before Brownson, P. J., and Cummins, J.

*B. H. Pettes,* for plaintiff; *George O. Frazier,* for defendants.

BROWNSON, P. J.—By reason of the amendment of April 14, 1921, P. L. 144, extending its provisions to cases appealed from subordinate courts, the Practice Act of May 14, 1915, P. L. 483, applies to and governs the pleadings in this case. That statute requires that the statement of claim "shall be sworn to by the plaintiff or some person having knowledge of the facts." The motion to strike off this statement of claim assigns as the grounds thereof two reasons: (1) That the affidavit does not appear to be made by the plaintiff or by some person having knowledge of the facts; and (2) that the affidavit is not signed by the person certified by the officer who took the affidavit to have appeared before him. As to the second reason, it is sufficient to say that the affidavit purports to bear the signature of Isador Schwartz, the affiant named in the body of it, and no testimony has been offered to show that this is not a genuine signature. This leaves for consideration the first reason.

It has been held that when the affidavit is made by a person other than the plaintiff, the fact of his having the knowledge required by the act must be stated in the affidavit, and in this instance that fact is not expressly set forth.

VOL. 9—19

Artwein Service Corporation v. Morris et al.

The matter, then, comes down to the point whether this affidavit can be said to be made by the plaintiff within the meaning of the statute. The plaintiff in this case is a corporation, and an affidavit by an executive officer of a corporation plaintiff is held to be, for the purposes of the statute, an affidavit by the plaintiff itself: Philadelphia, etc., Co. v. Stambaugh, 26 Dist. R. 275; J. B. Colt Co. v. Shirk, 3 D. & C. 665. The body of this affidavit describes the affiant as "Isador Schwartz, ———— of the above named plaintiff," and the signature is "Isadore Schwartz, President." Although a statement of his official position is omitted in the body of the affidavit, seemingly through oversight, it appears in connection with the signature. We think this affidavit *prima facie* purports to be made by the president, an executive officer of the corporation, and there is neither proof, allegation nor suggestion that Mr. Schwartz is not in fact its president. Accordingly, we think the motion should not be sustained.

And now, Aug. 22, 1926, the motion to strike off is denied, at the cost of the defendant.                    From Harry D. Hamilton, Washington, Pa.